Daniel, J.
 

 It was in evidence that the plaintiff delivered the slaves in controversy, to the defendant, in consideration of $ 200, in hand paid. This evidence shewed, that the legal title to the said slaves passed to the defendant by sale and delivery. The plaintiff then introduced in evidence the bond, stated in the case, executed to him by the defendant as an. admission by the'defendant of the terms, on which he was to hold the said slaves. The condition of the bond states, that the plaintiff “ agreed to give to his wife Elizabeth the said negroes, that she may
 
 forever
 
 hereafter use, possess, and enjoy.them, free from any control on his part. And the aforesaid James H. Ratliff, agreed on behalf of his sister Elizabeth, (the wife of the plaintiff) to pay over to Robert S. Huntley, (the plaintiff) two hundred dollars in cash, as part consideration of said negroes, and furthermore to pay all such cost and expenses as may have or.shall accrue, in consequence of any suit commenced, &c. by Elizabeth Huntly against Robert S. Huntly.” At the foot of the said deed, and standing independent of the above stipulations, the defendant further covenanted with the plaintiff as follows, “ and the said Robert shall never hereafter be liable for the debts of his wife so long as she may live separate and apart from her husband.” There is no condition or stipulation in the said bond, that the plaintiff should have back the said negroes in case his wife should again become reconciled and return to live with him* It is impossible there could have been such an intention, as the defendant had paid $ 200, and the costs of several suits, besides maintaining the plaintiff’s wife ; and it would be most unreasonable he should lose all security for it, at the will of the plaintiff and his wife. It seems to us that the legal title to the slaves is in the defendant upon certain trusts. Whether a court of equity would permit the husband to c.all for the legal title, and upon what terms, or hold the defendant a trustee of the slaves for the
 
 separate use
 
 of the wife, is not for us ,to decide, sitting in a Court of Law. We think, however, that
 
 *545
 
 his Honor erred, in holding, that the defendant was a bailee of the said slaves for the plaintiff, which enabled him to bring this action at law on a demand and refusal. There must, therefore, be a new trial.
 

 Per Curiam, Judgment reversed and
 
 venire de novo
 
 awarded.